Richardson, J.
I have - considered the opinion of my brother O’Nball, and entirely concur in its legal princi- *39 pies. The question before the magistrate was strictly judicial and not ministerial. If his decision was free from corrupt motive — which is admitted — he is no more to be connected with the imprisonment that followed, than a judge with the consequences of an attachment he has erroneously ordered. But, that the false imprisonment of Miller was not altogether palpable, would seem from the forbearance of Judge Earle instantly to set free the prisoner upon the habeas corpus. Upon this head permit me to quote, from 1 Rich. 149, the words of the judge who delivered our decision in the former case of Millers vs. Grice & McMillan. He says, “it is far from clear, that when an offence, such as that committed by the plaintiffs, is committed in one State, and they are found in another, they may not be apprehended and held, until the Governor of the State whose laws have been violated, may demand them.” How easy and often is it, that judges are charged with the usurpation of authority? Corporations do it continually and with personal impunity. The most unerrable authority assures us, that boni judiéis est ampliare jurisdictionem.* It is the proper leaning of judicial tribunals, in order to do justice. Once lay aside the distinction between judicial judgments, if incorrupt, which are necessarily irresponsible, and the responsibility of ministerial officers, and you strike fatally at the essential independence of judges and juries, and all officers whose office consists in judgments and not in their administration under a warrant.
But let it be conceded, that in this very case the usurpation of authority by the magistrate may have been so palpable as to indicate corruption ; still in that case the verdict should have turned entirely upon that question, and the admitted incorrupt motive should have amounted to a full justification, and not merely to extenuation. It is a case turning upon a great principle of the common law. For such reasons, my opinion is, that the case should go back, in order to try distinctly whether the motive was corrupt, or the judgment of the magistrate only erroneous, the verdict to turn entirely upon the conclusion of the jury *40 upon the question of corruption, without which, I know of no judicial officer having ever been mulct in damages, however erroneous his judgment. Are we not then sacrificing a great principle in a small case, and allowing the sine qua non of such a verdict, corrupt motive, to be legally substituted by the mere vanity and giddiness of a judicial officer, who has erred ón a question of law 'l

 Broom’s L. M. 36.